## 6955

### KITCHENS v. SOUTHERN RY.

1. RAILROADS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.—In this action
against a railroad company for injuries to a watchman on a bridge
under repair whose duty it was to ascertain and report if all ser-
vants obeyed orders in passing over the bridge, there was evidence of
negligence of defendant running a train faster than the rule per-
mitted, and the evidence did not show that plaintiff was guilty of
contributory negligence, which was the proximate cause of the injury,
by leaving a place of safety and going out to the track from where
he could see the engine and its number.
2. CHARGE.—Stating the issues of fact in a charge in a case in a hypo-
thetical way is not a charge on the facts.
3. FELLOW-SERVANTS.—THE PLEA OF ASSUMPTION OF RISK is not available
to the defendant in an action against a railroad company for
injury to a watchman on a bridge by an engineer, caused by striking
him with his engine.
4. PUNITIVE DAMAGES.—The evidence in this case warranted a finding
of punitive damages.
5. NEW TRIAL.—Remarks of Judge in refusing motion for new trial
made in this case on the ground that the verdict was against the

preponderance of the evidence, construed not to mean that a party was only entitled to a new trial when the other could not possibly have a verdict, but that judgment of jury should govern in cases of conflict in evidence when Judge does not agree with them.

Before JAMES ALDRICH, J., Cherokee, March, 1907. Affirmed.

Action by M. H. Kitchens against Southern Railway Company. From judgment for plaintiff, defendant appeals.

*Messrs. Sanders & DePass,* for appellant, cite: *Defendant owed no duty to plaintiff in management of its trains:* 1 Shear. and Red. on Neg.; 7 Am. St. R., 751; 21 Am. St. R., 104; 2 Am. St. R., 120; 24 Am. St. R., 33; 25 Am. St. R., 397; 32 Am. St. R.; 842; 61 S. C., 491. *Plaintiff was guilty of negligence which contributed to his injury:* 41 Am. & Eng. R. R. Cas., 482; 8 Ibid., 150; 61 S. C., 565; 58 S. C., 497; *Lyon* v. *Ry.,* 77 S. C., ; 1 LaBatt on M. & S., sec. 384. *No evidence of wantonness:* 69 S. C., 444.

*Mr. N. W. Hardin,* contra, cites: *Issue of negligence is for jury:* 76 S. C., 63. *Contributory negligence is defense:* 34 S. C., 211; 25 S. C., 128; 26 S. C., 49; 29 S. C., 303. *Assumption of risks does not apply here:* 75 S. C., 68; 60 S. C., 480; 61 S. C., 481; 75 S. C., 177. *Contributory negligence is not defense to wilfulness:* Beach on Con. Neg., sec. 22; 4 Ency., sec. 22. *Charge not on facts:* 74 S. C., 305. *That Judge thinks weight of evidence is against verdict is not ground to reverse refusal of new trial:* 24 S. C., 593; 11 S. C., 222, 590; 23 S. C., 231.

July 13, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The complaint in this action sets forth the corporate character of the defendant, then it states that the plaintiff was employed by the defendant as a watchman, at the Broad River Bridge, which at that time

was being repaired, the old structure being removed and a new one put in its place. On account of the danger and hazard to trains to pass over said bridge, the defendant ordered trains of one class to come to a stop before attempting to cross and another class was not to cross said bridge exceeding four miles an hour. The plaintiff was placed at said bridge to watch the same and to stop said trains if the bridge was unsafe at the time to cross and see that all trains obeyed the orders in regard to the crossing, and that the servants had knowledge of the orders and usually obeyed them.

On the night of January 10, 1906, while the plaintiff was at his post of duty, at the bridge, with lamp in hand, he heard one of the defendant's trains coming from the east and went near the track to give the necessary signals, which he was accustomed to do, and which he could do safely, relying upon the obedience of the servants of the defendant in charge of said trains. When, to his surprise and consternation, he unexpectedly discovered one of the said trains was very close upon him, so close that he could not then save himself, that it was running at an exceedingly high rate of speed, exceeding thirty miles per hour, when it should have been run at a speed of four miles an hour, which speed, if it had been observed, the plaintiff would not have been injured, but by the careless, reckless, wilful and wanton conduct of the defendant and its servants in the fast and reckless running of its trains in violation of said rules and orders, the plaintiff was carelessly, negligently and wantonly struck by the defendant, through its servants, and so seriously bruised and injured in his body that he suffered great pain and injury, the injury being permanent, and he has been damaged in the sum of nineteen hundred dollars, for which he asks judgment.

The defendant in its answer admits its corporate character, but denies each and every other allegation in said complaint, and defendant alleges that if plaintiff was injured, it was due to his own carelessness and negligence, as he contributed

to any injuries that he received, and by the exercise of due care, the plaintiff might have avoided any contact with said train, but he remained near the track and acted so carelessly that he caused the train to strike him.

The case came on to be heard before his Honor Judge James Aldrich and a jury; the jury rendered a verdict in favor of the plaintiff for five hundred dollars. The defendant now admits judgment has been entered, and appeals to this Court therefrom upon the following grounds:

1. "Because his Honor erred in not granting a nonsuit on the following grounds:

a. "That the evidence introduced in behalf of plaintiff fails to show any negligence on the part of the defendant in running and managing the engine and train which it is alleged struck and injured the plaintiff.

b. "That in any event the evidence shows clearly that the plaintiff, by his own negligence in leaving a place of safety and going out on the track into a place of danger, was guilty of negligence which contributed as a proximate cause to his injury.

c. "That the evidence shows clearly that the plaintiff both saw and heard the train approaching, and in leaving a place of safety and going into a place of known danger, assumed the risks incident to such act."

(a). We do not agree with the first subdivision of the first ground of appeal; it has become a matter of proof, testimony was introduced bearing upon the issue, it became the duty of the jury to pass upon it, and we do not think the Circuit Judge erred when he held that there was some testimony offered by the plaintiff. This subdivision is, therefore, over-ruled.

(b) and (c). It seems to us that the Circuit Judge was not in error when he refused to hold that there was no testimony supporting these two subdivisions b and c. It was the duty of the plaintiff to see what trains were passing over that bridge, and in the exercise of such duty on his part, it was necessary for him to see the marks on the engine so that he

could tell, and report to the railway authorities what engines passed and the observance by such trains of the rules of the railway company in regard to the movements thereof.    Such being his duty, he was not guilty of any failure on his part as alleged in these two subdivisions.    The Circuit Judge committed no error in this regard, and we overrule these two subdivisions.    This exception is overruled.

2. "That his Honor erred in not directing a verdict to be rendered in favor of the defendant; the error being:

a. "That from all of the evidence introduced in the case, his Honor should have held that there was no evidence sufficient to go to the jury showing any negligence on the part of the defendant, or any breach of duty in regard to the plaintiff in so far as the running and managing of this particular engine and train was concerned.

b. "That his Honor should have held that the plaintiff was guilty of such contributory negligence in leaving a place of safety and going out on the track, after he saw and heard the approaching train, as was a proximate cause to the injury about which he is now complaining.

c. "Because his Honor should have held that when the plaintiff left a place of safety and went out on the track into a place of known danger, in the face of an approaching train, he assumed the risks incident to his act."

We have carefully examined the "Case," and we fail to find any error by the Circuit Judge as herein complained of. This exception, with its subdivisions, are overruled.

3. "Because his Honor erred in charging the plaintiff's first request, to wit: 'If the jury find that the train that injured plaintiff—if he was injured by a train—was run in a reckless and wanton manner by the servants of the defendant, then the plaintiff would not be guilty of contributory negligence under those circumstances.'

"The errors being, as is respectfully submitted:

a. "That this was a charge upon the facts, contrary to the provisions of section 26, art. V, of the Constitution of 1895, in that his Honor in so charging the jury stated facts which

had been testified to by witnesses, contrary to the provisions of said article and section, and in so charging referred to the facts as testified to.

b. "Because his Honor, in so charging, submitted to the jury the question of the alleged recklessness and wantonness of the defendant, when, as it is respectfully submitted, there was no evidence as to such recklessness and wantonness."

We have carefully considered this exception, and fail to find that the Circuit Judge charged on any question of fact as inhibited by section 26, art. V, of the Constitution of 1895. All the Circuit Judge did was to say in his charge that if the jury found certain facts to be true, there was no contributory negligence; of course, the jury must pass ultimately upon the question of contributory negligence, but only when such question is rendered necessary by the proof adduced. Very clearly there could be no contributory negligence when the defendant was running its train recklessly and wantonly. This exception is overruled.

4. "Because his Honor erred in charging as follows: 'If the plaintiff was employed by the defendant as a bridge watchman, and was injured by the negligence of the servants of the defendant while operating one of its trains by striking him with a moving engine, the plea of assumption of risks would not be applicable to the plaintiff.'

"The errors being, as it is respectfully submitted:

a. "That in so charging his Honor charged upon the facts, contrary to the provisions of section 26, art. V, of the Constitution, in that his Honor referred to and stated the testimony as testified to by the witnesses, contrary to such provisions.

b. "Because his Honor in so charging stated what facts would constitute negligence on the part of the defendant, contrary to the provisions of section 26, art. V, of the Constitution.

c. "Because his Honor in so charging instructed the jury that the negligence of the servants of the defendant while

operating the train in question would prevent the defense of assumption of risks on the part of the plaintiff in leaving a place of safety and going into a place of known and apparent danger."

The Constitution of this State lays down very plainly that assumption of risks does not obtain where an injury is wrought through the carelessness or negligence of the engineer of a train, with which the plaintiff had no connection as a member of said train. Assumption of risks only obtains in cases of fellow-servants. This exception is overruled.

5. "Because his Honor erred in refusing defendant's fifth request, to wit: 'There is no evidence in this case which will warrant a jury in giving a verdict against the defendant for vindictive or punitive damages.'

"The error being, it is respectfully submitted:

a. "There being no evidence to support the allegation of the complaint as to recklessness or wilfulness or wantonness on the part of the defendant, it was error on the part of his Honor in refusing to so instruct the jury, and thereby permitting the jury to render a verdict against the defendant for vindictive or punitive damages."

The Circuit Judge had no possible power in law to so pass upon the facts, as to say himself whether a question of punitive or vindictive damages existed; that was purely a question of fact for the jury, and there was some testimony bearing upon the issue. This exception is, therefore, overruled.

6. "Because his Honor, after holding that the verdict was against the greater weight of the evidence, erred in refusing to grant a new trial.

a. "The errors being that under the statute where it appears to the satisfaction of the presiding Judge that the verdict is against the greater weight of the evidence, and there being no appeal to the Supreme Court on the questions of fact, a new trial should be granted.

b. "Because, even though the juries are the judges of the facts, yet, when the presiding Judge is convinced that the

verdict is against the greater weight of the evidence, it is his duty to grant a new trial, and it is error of law for him not to do so.

c. "Because, even though juries are judges of facts, yet, when the presiding Judge is convinced that the verdict is against the greater weight of the evidence, he should, in his discretion, grant a new trial, and it is error for him not to do so.

d. "Because it was error on the part of the Judge to hold that a new trial should be refused on the ground that the verdict was against the greater weight of the evidence, unless it appeared that under the evidence admitted to be true 'a man cannot get a verdict.' The error being that this was requiring the trial Judge to be convinced that the evidence was such that a verdict could not be rendered in our favor. Whereas, it is submitted, that if the verdict is against the greater weight of the evidence, a new trial should be granted."

We will pass upon all the subdivisions of exception six together. There is no question but that the language of the Circuit Judge was somewhat involved, as pointed out in this exception. The Circuit Judge was endeavoring to allow the defendant to fall as lightly, so to speak, as he could, when he came to overruling the motion. This is evident when the Judge used this language: "In my opinion, the judgment is against the weight of the testimony, some people say most overwhelming weight." Refusal of the motion shows plainly that the Judge did not intend to hold that the testimony in this case was against the weight—overwhelming weight. If we are required to venture an opinion of the actual meaning of the Circuit Judge, we would say that he meant to say that in some instances the jury takes a different view of the effect of the testimony to that which obtains with the Circut Judge, for below he states that "if the jury believe the testimony, and by their action I suppose they believe it, I cannot, therefore, say that the testimony is not true unless I see it. I am not prepared to say that there was

no testimony; that the testimony is insufficient. I am not prepared to say that I am satisfied that the verdict there is against the weight of the testimony, such as the jury saw fit to believe, for which I do not see any reason for not believing either. I have to refuse the motion."

It is true, also, that the Judge did say: "Then the only question left is the greater weight of the testimony, such admitted to be true that a man cannot get a verdict; he is not entitled to a verdict." The Judge must have meant that sometimes it is a vexed question to which side the greater weight of the testimony is inclined, and that in some instances there is doubt which of the parties are entitled to a verdict because of conflicting testimony, and that a man is not entitled to a verdict unless so found by a jury. This exception is overruled.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES GARY, JONES *and* WOODS *concur in the result.*